FILED
SUPERIOR COURT
OF GUAM

2014 FEB 12 PM 5:00

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM

vs.

FREDDY VILLAGOMEZ DEGRACIA,

OLYMPIA SABLAN TAISACAN,

BADOBINO SABLAN TAISACAN,

JONATHAN SABLAN TAISACAN,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. CF436-12

DECISION AND ORDER

(Defendant Badobino S. Taisacan's Motion to Dismiss Indictment and Motion for Bill of Particulars)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on January 13, 2014 on Badobino Sablan Taisacan's ("Defendant") Motion to Dismiss Indictment and Motion for Bill of Particulars. Defendant was indicted along with Co-Defendants Freddy Villagomez Degracia, Olympia Sablan Taisacan, and Jonathan Sablan Taisacan. Defendant was represented by Attorney Anthony R. Camacho. Co-Defendants did not join in on the motion. The People of Guam ("the People") were represented by Assistant Attorney General James L.G. Stake. Following the hearing, the Court took the matter under advisement. Upon review of the written arguments and legal authorities presented by both parties, the Court issues this Decision and Order **DENYING** Defendant's Motion to Dismiss Indictment and Motion for Bill of Particulars.

## BACKGROUND

The Superior Court of Guam Grand Jury returned a true bill in the instant case. The indictment charges out the following: (1) Burglary (as a 2nd Degree Felony) (3 counts); (2) Theft of Property (as a 2nd Degree Felony); (3) Theft by Receiving Stolen Property (as a 2nd



*ORIGINAL*

Degree Felony); (4) Theft of Property (as a 3rd Degree Felony) (2 counts); (5) Theft by Receiving Stolen Property (as a 3rd Degree Felony); and (6) Jurisdiction Over an Adult (as a Misdemeanor) (5 counts). The alleged crime took place on or about June 27, 2012, involving items stolen from Inarajan Middle School. Defendant is only indicted on the third charge, Theft by Receiving Stolen Property (as a 2nd Degree Felony).

On November 14, 2013, Defendant filed a Motion to Dismiss Indictment and Motion for Bill of Particulars. The People filed a "response" on December 27, 2013, under seal. Accordingly, the Court heard this matter on January 13, 2014.

## DISCUSSION

**Motion to Dismiss Indictment**

Defendant moves the Court to Dismiss the Indictment on the basis that the People failed to present exculpatory evidence to the Grand Jury pursuant to 8 GCA § 50.46. See Def.'s Mot. to Dismiss at 2 (Nov. 14, 2013). Defendant specifically argues that "[the People] failed to present exculpatory statements given by male minor F.D., Jr. (DOB: 8/6/94)." Id. at 3. "F.D., Jr.'s exculpatory statement was that he saw an unidentified light skinned male with black hair and narrow face with the T.V. set missing from Inarajan Middle School." Id. Defendant contends that he "was prejudiced by the omission because the [G]rand [J]ury was denied the opportunity to investigate whether [he] had any involvement at all in the alleged theft of the T.V. from Inarajan Middle School." Id. Defendant further contends that "these statement[s] are direct and substantial evidence that someone other than Taisacan received the T.V.'s that were allegedly stolen from Inarajan Middle School." Id.

The People oppose Defendant's motion for dismissal. They argue that the statement made by F.D., Jr. cannot be considered substantial evidence. The People contend that a review

of the discovery demonstrates that "F.D., Jr.'s statement is different from what Defendant makes it out to be. F.D., Jr. states in an interview to Officer Aflague, "Ma'am I did not take any part of the missing TV. And I don't know of anyone that is involved." F.D., Jr. continued, "Now I remember, that I saw a light skinned male adult about 5'7 tall with black hair, and a narrow face walking by my residence the night the TV was missing." The Court having reviewed this statement agrees with the People that F.D., Jr. did not say a man with the T.V. Rather, he saw a man as described above walking by the "evening the TV was missing."

The People have a duty to disclose exculpating evidence in their possession. Guam law provides:

> The grand jury **shall** receive only evidence presented to it by the prosecuting attorney but the prosecuting attorney shall submit any evidence in his possession which would tend to negate guilt and the grand jury shall weigh all the evidence submitted.

8 GCA § 50.46 (2005) (emphasis added).

In the instant case, the Court does not find the statement made by F.D., Jr. as exculpating evidence that would tend to negate guilt against the Defendant. The above statute does not impose on the prosecutor a duty to explain any evidence beneficial to the defense in the context the statement was offered. *See People v. Grajo*, No. 86-00002 (D. Guam App. Div. 1986). Accordingly, the Court DENIES Defendant's Motion to Dismiss Indictment.

**Motion for Bill of Particulars**

Defendant also moves for a Bill of Particulars citing 8 GCA §55.30. Defendant argues that a Bill of Particulars is necessary to clarify the pleading and contain "such particulars as may be necessary for the preparation of [his] defense." See Def.'s Mot. to Dismiss at 3 (Nov. 14, 2013). Defendant further argues that only the third charge of the indictment applies to him. "This charge does not disclose the monetary amount or the stolen items that were allegedly

received by [the Defendant]." Id. "The indictment fails to give [him] notice of exactly what stolen items he allegedly received or what the monetary value of these items were." Id.

"It is a cardinal principal of our criminal law that an indictment is sufficient which apprises a defendant of the crime with which he is charged so as to enable him to prepare his defense and to plead judgment of acquittal or conviction as a plea to a subsequent prosecution for the same offense." *People v. Jones,* 2006 Guam 13 ¶ 12 (citing *Portnoy v. United States,* 316 F.2d 486, 488 (1st Cir. 1963). "A motion for a bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense." *United States v. Long,* 706 F.2d 1044, 1054 (9th Cir. 1983). "It is designed to apprise the defendant of the specific charges being presented to minimize the danger or surprise at trial, to aid in preparation and to protect against double jeopardy." *Id.* "In determining if a bill of particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government. *Id.* (citing *United States v. Giese,* 597 F.2d 1170, 1180 (9th Cir. 1979)).

Guam law provides for Bill of Particulars as follows:

> Whether or not an indictment or information complies with § 55.10, if it fails to specify the particulars of the offense sufficiently to enable the defendant to prepare his defense, the court **may**, on motion of the defendant, require the prosecuting attorney to furnish the defendant with a **clarification** of the pleading containing **such particulars as may be necessary for the preparation of the defense.**

8 GCA § 55.30 (2005) (emphasis added).

The Court recognizes that it has discretionary authority to require the People to furnish such a clarification, notwithstanding an indictment's conformance with 8 GCA § §55.10. "The law on statutory construction is well-settled. [I]f a statute is unambiguous, then judicial inquiry is complete." *People v. Quichocho,* 1997 Guam 13 ¶ 5 (citing *Rubin v. United States,* 449 U.S.

424 (1981). The "Bill of Particulars" statute is unambiguous. Therefore, the Court will review the charges as drafted in the indictment to determine whether the exercise of its discretionary authority is appropriate.

Defendant is charged with Theft by Receiving Stolen Property enumerated as charge 3 in the Indictment. The charge reads as follows:

### THIRD CHARGE

On or about June 27, 2012, in Guam, **FREDDY VILLAGOMEZ DEGRACIA, OLYMPIA SABLAN TAISACAN,** and **BADOBINO SABLAN TAISACAN** did commit the offense of *Theft by Receiving Stolen Property,* in that they did intentionally receive, retain or dispose of the movable property of Inarajan Middle School, knowing that it had been stolen or believing that it had probably been stolen, in violation of 9 GCA §§ 43.50(a), 43.20(a) and 4.60.

Indictment (Jul. 27, 2012).

The statutory language of the third charge, as codified in Guam law reads as follows:

(a) A person is guilty of *theft* if he intentionally receives, retains or disposes of moveable property of another knowing that it has been stolen or believing that it has probably been stolen. It is a defense to a charge of violating this Section that the defendant received, retained or disposed of the property with intent to restore it to the owner.

9 GCA § 43.50(a)(2005).

The Indictment also cites to 9 GCA § 43.20(a) relative to the third charge. That provision reads:

(a) *Theft* constitutes a felony of the second degree if the amount involved exceeds One Thousand Five Hundred Dollars ($1,500) or if the property stolen is a bus, truck, automobile, aircraft, motorcycle, or motor boat, *or in the case of theft by receiving stolen property, if the defendant is in the business of buying and selling stolen property.* In the case of theft as a felony of the second degree, the court shall impose a sentence of imprisonment of a minimum term of five (5) years and may impose a maximum term of up to ten (10) years; the minimum term imposed shall not be suspended nor may probation be imposed in lieu of the minimum term nor shall parole or work release be granted before completion of the minimum term. The sentence shall include a special parole term of not less than three (3) years in addition to such term of imprisonment provided, however, that in the case of an offender not previously convicted of a felony or of an offense constituting theft, the court may sentence the offender to not more than five (5)

years imprisonment and the provisions of this subsection prohibiting probation, suspension, parole, or work release shall not be applicable to such offender.

9 GCA § 43.20(a)(2005).

Generally, an indictment which tracks the words of the statute charging the offense is sufficient as long as the words unambiguously set forth all the elements of the offense. *See People v. Jones*, 2006 Guam 13. With the case at bar, the Court finds that the indictment tracks the language of the statute and with reference to § 9GCA §43.20(a), the monetary value is given. Therefore, Defendant is provided with adequate information to prepare his defense. Accordingly, Defendant's Motion for Bill of Particulars is **DENIED.**

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss Indictment and Motion for Bill of Particulars.

A continued Pre-Trial Conference is scheduled for *MARCH 10th*, 2014 at 9 a.m.

**SO ORDERED** this *12* day of FEBRUARY, 2014.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

FEB 1 2 2014